UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| SERVANT HEALTH, LLC<br>*Plaintiff,*<br><br>V.<br><br>ERIC L. MCWILLIAMS and<br>MCWILLIAMS COLLECTIVE, LLC<br>*Defendants.* | § § § § § § § § § § | CAUSE: _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, Servant Health, LLC, and makes and files this Original Complaint against the Defendants, Eric L. McWilliams and McWilliams Collective, LLC and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff, SERVANT HEALTH, LLC, is a Texas limited liability company doing business in Texas that may be reached through its counsel of record.

2. Defendant, ERIC L. MCWILLIAMS, is an individual residing in St. John's County, Florida who may be served at 176 Midway Park Drive, Saint Augustine, Florida 32084 or wherever he may be found.

3. Defendant, MCWILLIAMS COLLECTIVE, LLC, a Florida limited liability company with its principal place of business at 176 Midway Park Drive, St.

Augustine, Florida 32084 who may be served with process through its registered agent, Eric L. McWilliams, at 176 Midway Park Drive, Saint Augustine, Florida 32084 or wherever he may be found.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Defendants are subject to the personal jurisdiction of the United States District Court because they are residents in this judicial district. Defendants are further subject to the personal jurisdiction of the United States District Court because they operate, conduct, engage in, and/or carry-on business in the Middle District of Florida. Specifically, Defendant McWilliams Collective's principal place of business is located at 176 Midway Park Drive, Saint Augustine, Florida 32084. Finally, Defendants are subject to the personal jurisdiction of the United States District Court because they engage in substantial and not isolated activity within this judicial district.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because the Defendants reside in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## FACTS

8. Plaintiff, Servant Health, LLC (hereinafter "*Servant*") is in the business of manufacturing, sourcing, and handling large-scale logistics for healthcare and defense industries on a global scale.

9. Defendant McWilliams Collective, LLC is in the business of supplying healthcare personal protective equipment, and Defendant Eric L. McWilliams is the CEO of McWilliams Collective, LLC (Defendants will be collectively referred to as "*Defendants*").

10. In May of 2021, Plaintiff and Defendants entered email discussions to solidify a contractual arrangement wherein Defendants would ship boxes of Nitrile Gloves to one of Plaintiff's customers. Plaintiff would earn commission on the sales based on a three-tiered commission rate.

11. Defendants agreed to compensate Plaintiff as follows:

> 6,000,000 million boxes: $.10/box
> 6,000,001 million to 12,000,000 boxes: $.09/box (matches 10% discount)
> 12,000,001 million to 18,200,000 boxes: $.07/box (matches 30% discount)

*See* **Exhibit "A"** [May 12, 2021 E-mail correspondence between Plaintiff and Defendants].

12. Defendants continually acknowledged and demonstrated an understanding of their obligations to Plaintiff pursuant to the parties' initial e-mail agreement. *See* **Exhibit "B"** [September 2021 E-mail correspondence].

13. Throughout 2021, Defendants shipped a total of 9,228,859 boxes of Nitrile Gloves to Plaintiff's customer, incurring fees amounting to $890,597.31.00 under the agreed-upon commission rate. *See* **Exhibit "C"** [Glove Import Records]. Defendants did not timely issue payment to Plaintiff.

14. On July 16, 2021, after Plaintiff repeatedly followed up with Defendants concerning payment, Defendants finally issued a payment of $126,000.00 to Plaintiff commensurate with the commission rate, for Defendants' shipment of 1,260,000 units at $0.10 apiece. *See* **Exhibit "D"** [July 2021 text message correspondence].

15. Defendants continually acknowledged, accepted, and communicated their intent to fulfill their obligations to Plaintiff over the course of their business dealings. However, a total of $764,597.31 remains due and owing to Plaintiff for performing services for Defendants' benefit. *See* **Exhibit "E"** [November 2021 text message correspondence].

16. On December 13, 2021, Plaintiff's counsel sent a demand letter to Defendants enumerating the above-referenced facts and providing Defendants with the opportunity to amicably resolve the matter. *See* **Exhibit "F"** [December 13, 2021 demand letter to Defendants].

17. In January 2022, Plaintiff and Defendants worked through a settlement agreement. Plaintiff initially accepted Defendants' settlement offer and communicated Plaintiff's acceptance to Defendants. However, Defendants never

executed the settlement agreement and Plaintiff has since revoked its acceptance of the settlement.

18.  All services provided by Plaintiff to Defendant were done in Texas.

## COUNT I – BREACH OF CONTRACT

19.  Plaintiff realleges Paragraphs 1 through 18 as if fully stated herein.

20.  Plaintiff and Defendants entered into a valid and enforceable contract by way of oral agreement and expressed the terms in a variety of subsequent written communications. The contractual agreement provided that Defendants would provide shipping of nitrile gloves to a long-time client of Plaintiff and that Plaintiff would be paid a commission pursuant to a three-tiered commission rate depending on the number of gloves sold to Plaintiff's customer.

21.  Plaintiff fully performed its contractual obligations and arranged for the sale of the Nitrile gloves from Defendants to Plaintiff's customer. Defendants sold and were paid for the Nitrile gloves it shipped to Plaintiff's customer.

22.  Defendants breached the contract by failing to fully compensate Plaintiff pursuant to the agreement.

23.  Defendants' breach caused injury to Plaintiff, which resulted in the following damages: lost profit in the amount of $764,597.31.

24.  Plaintiff seeks liquidated damages in the amount of at least $764,597.31, which is within the jurisdictional limits of this Court.

25.  All services performed by Plaintiff were done in Texas, therefore, Texas law applies.

26. Plaintiff is entitled to recover reasonable and necessary attorney fees under TEXAS CIVIL PRACTICE & REMEDIES CODE chapter 38 because this is a suit for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to Defendant's counsel. Defendants did not tender the amount owed within 30 days after the claim was presented.

**WHEREFORE**, Plaintiff respectfully requests entry of a judgement against Defendants for damages, interest, attorneys' fees, and costs.

### COUNT II – FRAUD

27. Plaintiff realleges Paragraphs 1 through 18 and Paragraph 25 as if fully stated herein.

28. In May of 2021, Defendants represented to the Plaintiff that if Plaintiff arranged for Defendants to sell Nitrile gloves to Plaintiff's customer, that Defendants would compensate Plaintiff at a decided commission rate for the performance of said services.

29. Defendants' representation to Plaintiff was material because Plaintiff relied on such representation and did in fact fully perform its obligations under the parties' agreement, thereby entitling it to payment of the sum of $890,597.31.00.

30. Upon information and belief, Defendants' representation to Plaintiff was false statement of fact because Defendants had no intention or ability to fully compensate Plaintiff in accordance with their agreement.

31. Defendants' representations were a false statement of fact, and a false representation of future performance.

32. Defendants' false representation directly and proximately caused injury to Plaintiff, which resulted in the damages identified above.

33. Plaintiff seeks damages within the jurisdictional limits of this Court.

34. Plaintiff's injury resulted from Defendants' actual fraud, gross negligence, or malice, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE section 41.003(a).

**WHEREFORE**, Plaintiff respectfully requests entry of a judgement against Defendants for damages, interest, attorneys' fees, and costs.

## COUNT III – QUANTUM MERUIT

35. Plaintiff realleges Paragraphs 1 through 18 and Paragraph 25 as if fully stated herein.

36. Over the course of 2021, Plaintiff established a sales channel wherein Defendants would sell Nitrile gloves to Plaintiff's customers and obtain the financial benefit of such sales. These sales were valuable to the Plaintiff, therefore the parties agreed to compensate Plaintiff a commission on each sale.

37. Defendants knew of the value of Plaintiff's services.

38. Defendants fully incurred the benefit of Plaintiff's valuable services.

39. Defendants failed to fully compensate Plaintiff for the services Plaintiff provided.

40. Defendants' failure to fully compensate Plaintiff directly and proximately caused injury to Plaintiff, resulting in the damages identified above.

41. Plaintiff is entitled to actual damages, expectation damages, reliance damages, and restitution interest.

42. Further, Plaintiff is entitled to recover all associated attorney fees incurred in its quantum meruit claim under Chapter 38 of the CIVIL PRACTICE AND REMEDIES CODE.

**WHEREFORE**, Plaintiff respectfully requests entry of a judgement against Defendants for damages, interest, attorneys' fees, and costs.

### DAMAGES

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a. Lost profits

   b. Loss of use of funds

   c. Interest

### ATTORNEY FEES & COSTS

53. Plaintiff is entitled to an award of attorney fees and costs under Chapter 38 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH**
*/s/ Kayla Quintana*
Kayla Quintana
Fla. Bar No. 1002295
Kayla.Quintana@nelsonmullins.com
One Biscayne Tower
2 South Biscayne Blvd.
21st Floor
Miami, FL 33131
Telephone: 305.373.9400
Facsimile: 305.373.9443
**ATTORNEYS FOR PLAINTIFF SERVANT HEALTH, LLC**

**SHUMWAY VAN**

_____
GERRIT SCHULZE, ESQ.
*Pro Hac Vice Admission Pending*
13750 San Pedro Avenue, Suite 810
San Antonio, Texas 78232
(210) 503-2800 phone
(210) 503-2888 facsimile
Gerrit@Shumwayvan.com


**ATTORNEYS FOR PLAINTIFF SERVANT HEALTH, LLC**