UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SERVANT HEALTH, LLC,

    Plaintiff,

v.                                                            Case No. 3:22-cv-210-TJC-LLL

ERIC L. MCWILLIAMS and
MCWILLIAMS COLLECTIVE, LLC,

    Defendants.

## **O R D E R**

In this business dispute, plaintiff Servant Health, LLC, a citizen of Texas and California, filed a first amended complaint raising three claims against both McWilliams Collective, LLC, and its founder and CEO, Eric McWilliams, both citizens of Florida: Count I-Breach of Contract; Count II-Fraud; and Count III-Quantum Meruit (Doc. 14).[1] Defendants seek to dismiss each of these claims (in whole or in part) and to strike plaintiff's claims for attorney's

---

[1] Plaintiff separately filed exhibits to its amended complaint which include some of the parties' written communications referenced in the complaint and the parties' briefs. See Doc. 15 (plaintiff's notice of filing exhibits). Under Federal Rule of Civil Procedure 10(c), the Court may consider these documents without converting the motion to one for summary judgment (and the parties have not argued otherwise). See also Gill ex rel. K.C.R. v. Judd, 941 F.3d 504, 511-12 (11th Cir. 2019) (discussing rule that exhibits attached or referenced by complaint may be considered when ruling on a motion to dismiss).

fees and exemplary damages (Doc. 16). Plaintiff responded in opposition (Doc. 19). Much of the motion turns on the question of whether Texas or Florida law applies to these claims. The parties agree that because the Court is exercising diversity jurisdiction, it considers Florida's choice of law rules.[2] See, e.g., Grupo Televisa, S.A. v. Telemundo Comms. Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007).

As to Count I, the breach of contract claim, Florida law dictates that in the absence of a contrary agreement by the parties, the Court shall apply the law of the state in lex loci contractus—the location where the last act which completed the formation of the contract occurred. See State Farm Mut. Auto. Ins. Co. v. Roach, 945 So. 2d 1160, 1163-65 (Fla. 2006) (reiterating Florida's allegiance to lex loci contractus for contract disputes). Here, that is Florida, where defendant Eric McWilliams sent the May 12, 2021 email which accepted the terms of engagement proposed by Servant Health.[3] See, e.g., Alttrix, LLC

---

[2] The Court initially had questions as to whether its diversity jurisdiction was properly invoked, but plaintiff supplemented its initial filings to the Court's satisfaction. See Docs. 17, 20, 21, 22, 23.

[3] Plaintiff essentially concedes this point but argues that Florida is in the minority of states that still use the lex loci rule. Nonetheless, this Court must apply Florida law as it stands today.

The Court notes that although a December 13, 2021 demand letter (Doc. 15, Ex. F) references a written contract (which one might look to for a choice of law provision), the exhibits plaintiff filed to support the formation of a contract are emails back and forth setting the terms. If a separate executed written contract exists, it is not of record.

v. Mobileware, Inc., No. 17-61588-CIV-ALTONAGA/Seltzer, 2017 WL 11614936, at *6 (S.D. Fla. Dec. 13, 2017) (concluding that governing law was that of the state from which contract acceptance was sent by email).

Applying Florida law, defendants argue this claim must be dismissed as to defendant Eric McWilliams because plaintiff has not alleged sufficient facts to pierce the corporate veil. This is true. While plaintiff's response states that the line between McWilliams individually and the corporate entity was blurred such that Servant did not know who it was dealing with, its amended complaint alleges none of that. Nor does it include allegations to support a contention that the corporate entity served as a "'mere instrumentality' or alter ego" of Eric McWilliams, or that Eric McWilliams "engaged in 'improper conduct' in the formation or use" of McWilliams Collective, LLC. XL Vision, LLC. v. Holloway, 856 So. 2d 1063, 1066 (Fla. 5th DCA 2003) (citations omitted); see also S-Fer Int'l, Inc. v. Stonesheets, LLC, No. 14-24662-CIV-GRAHAM/SIMONTON, 2016 WL 8808749, at *3-4 (S.D. Fla. July 22, 2016) (dismissing individual defendant where plaintiff failed to allege facts to warrant piercing the corporate veil under Florida law). Moreover, the documents attached to the amended complaint suggest the agreement was between Servant and McWilliams Collective, LLC. See, e.g., Doc. 15, Ex. A at 2 (email from a partner of Servant Health to Eric McWilliams at a mcwilliamscollective.co email address: "Eric, our attorney advises that we should have a direct agreement with McWilliams

3

Collective . . ."). Count I as to Eric L. McWilliams will be dismissed without prejudice to refiling if Servant has a good faith basis to allege that its agreement was with Eric McWilliams individually.

As to Count II, the fraud claim, Florida choice of law doctrine holds that a tort claim should be governed by the law of the state having the "most significant relationship" to the claim. Grupo Televisa, 485 F.3d at 1240 (noting Florida's adoption of the Restatement's "most significant relationship" test). To make that assessment, the Court considers "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Id. (quoting REST 2d CONFL § 145(2)). "These contacts are to be evaluated according to their relative importance with respect to the particular issue." Id. (quoting § 145). Although plaintiff alleges that it was injured in Texas and that its place of business is Texas, the defendants, citizens of Florida, caused the alleged injury by actions in Florida, and the alleged fraud at issue has its genesis in the formation of a contract which is governed by Florida law. In these circumstances, Florida has the most significant relationship to plaintiff's fraud claim and it therefore shall be governed by Florida law. See Cluck-U Chicken, Inc. v. Cluck-U Corp., 358 F. Supp. 3d 1295, 1309 (M.D. Fla. 2017) (finding Maryland law should govern fraudulent

inducement and negligent misrepresentation claims arising out of a contract governed by Maryland law); see also REST 2d CONFL § 145, Comment on Subsection (2)(e) ("[I]n the case of fraud and misrepresentation, there may be little reason in logic or persuasiveness to say that one state rather than another is the place of injury . . .") (citation omitted); Comment on Section (2)(f) ("[T]he place of injury is less significant in the case of fraudulent misrepresentations . . ."); REST 2d CONFL § 148, Comment on Subsection (c) ("The place where the defendant made his false representations . . . is as important a contact in the selection of the law governing actions for fraud and misrepresentations as is the place of the defendant's conduct in the case of injuries to persons or to tangible things.").

Defendants raise three issues as to Count II: that, here too, Eric McWilliams individually must be dismissed for failure to pierce the corporate veil; that Servant has failed to meet the pleading standard of Federal Rule of Civil Procedure 9(b); and that this claim is barred by the independent tort doctrine. In its response, Servant concedes that if Florida law applies, its fraud claim is barred by the independent tort doctrine. Count II is therefore dismissed with prejudice.[4]

---

[4] Even if this claim was governed by Texas law (which does not preclude a fraud claim arising out of the formation of a contract, see Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 46-47 (Tex. 1998)), the Court would still find the claim is due to be dismissed for failure to

As to Count III, the claim for quantum meruit (a type of contract claim), Florida law again applies. See Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc., 92 F.3d 1110, 1119 (11th Cir. 1996) (applying Florida's lex loci contractus rule to quantum meruit claim). As such, and as plaintiff again concedes, it is due to be dismissed because Florida law does not permit a claim for quantum meruit where a valid written contract exists. See, e.g., Daake v. Decks N Such Marine, Inc., 201 So. 3d 179, 181 (Fla. 1st DCA 2016) ("Quantum meruit is premised upon the absence of an express and enforceable agreement; accordingly, the existence of a valid, written contract between the parties necessarily precludes the doctrine's application.") (citation omitted). While this claim is often pled in the alternative (as plaintiff states it is doing here), the claim incorporates the paragraphs which allege the existence of an express agreement so it must be dismissed for failure to state a claim. Defendants also contend this claim cannot stand as to Eric Williams individually. Again, plaintiff's efforts at piercing the corporate veil are insufficient. Nonetheless, if Servant has a basis to replead this claim against either defendant, it may do so, so the dismissal as to this count is without prejudice.

As to the claims for attorney's fees and exemplary damages, because Florida law applies to each count, neither of these types of relief are available

---

meet the Rule 9(b) pleading standards.

on the allegations presented here (plaintiff concedes as much) and they must be struck under Federal Rule of Civil Procedure 12(f).

Accordingly, it is hereby

**ORDERED**:

1. Defendants' motion to dismiss (Doc. 16) is **granted** without prejudice as to Counts I and III and with prejudice as to Count II. Plaintiff shall file a Second Amended Complaint no later than **December 6, 2022**. Defendant (or defendants if both are named) shall respond no later than **January 6, 2023**.

2. In all other respects, the parties shall continue to be governed by the current Case Management and Scheduling Order (Doc. 28).

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of November, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record